IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIMOTHY CRENSHAW
and HELEN L. CRENSHAW,
    Plaintiffs,

vs.                                      Case No.: 3:13cv50/MCR/EMT

CITY OF DEFUNIAK SPRINGS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court on Plaintiffs' "Motion for Default Judgement [sic]" (doc. 61). Plaintiffs request entry of a default judgment against Defendant Sheriff Michael A. Adkinson, Jr., pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure (doc. 61 at 1). Plaintiffs submitted an affidavit with their motion, stating the following: (1) they filed a complaint in this matter on January 31, 2013, (2) they served process upon Defendant Sheriff Adkinson on June 3, 2013, and (3) more than twenty-one days have elapsed since Adkinson was served, and he has failed to plead or otherwise defend (*id.* at 2).

      In relevant part, Rule 55 of the Federal Rules of Civil Procedure provides:

**(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

**(b) Entering a Default Judgment.** Judgment by default may be entered as follows:

      **(1) By the Clerk.** If the plaintiff's claim is for a sum certain or for a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing . . . .

>   **(2) By the Court.** In all other cases, the party must apply to the court for a default judgment.

Fed. R. Civ. P. 55(a), (b).

Initially, Plaintiffs failed to demonstrate they are entitled to a default judgment pursuant to Rule 55(b)(1), which is the provision under which they filed the instant motion. In Plaintiffs' complaint, they request an unspecified amount of "punitive and exemplary damages," as well as injunctive relief (doc. 1). Therefore, their claim is not for a sum certain or for a sum that can be made certain by computation. Further, Plaintiffs' affidavit submitted with their motion does not show the amount due. Therefore, they failed to satisfy the requirements for a default judgment under Rule 55(b)(1).

Additionally, Plaintiffs failed to demonstrate they are entitled to a default judgment under Rule 55(b)(2). Plaintiffs' proof of service fails to show effective service of process upon Defendant Sheriff Adkinson. Plaintiffs' Affidavit of Service states that on June 3, 2013, Plaintiff Timothy Crenshaw mailed the summons and complaint to Sheriff Adkinson at the Walton County Sheriff's Department by certified/registered mail (doc. 40). On June 3, 2013, a person named Nyleah Clark received the documents (*id.*).

Rule 4 of the Federal Rules of Civil Procedure, which governs service of process, provides, in relevant part:

> **(c) Service.**
>
> > **(1) In General.** A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
> >
> > **(2) By Whom.** Any person who is at least 18 years old and not a party may serve a summons and complaint.
>
> . . . .
>
> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> **(2)** doing any of the following:
>
>> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
>>
>> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.
>
> . . . .
> **(j) Serving a Foreign, State, or Local Government.**
> . . . .
>
>> **(2) State or Local Government.** A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>>
>>> **(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or
>>>
>>> **(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(c), (e), (j). Although the Eleventh Circuit has not specifically addressed in a published opinion the issue of whether the term "delivering" refers to personal service, it has indicated that it does. *See, e.g*, Dyer v. Wal-Mart Stores, Inc., 318 F. App'x 843, 844 (11th Cir. 2009) (unpublished) (citing Larsen v. Mayo Med. Ctr., 218 F.3d 863, 868 (8th Cir. 2000)). Further, a defendant's actual notice is not sufficient to cure defectively executed service. *See* Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). Additionally, the Florida Rules of Civil Procedure provide for service of process by certified mail, but only if the defendant agrees to waive personal service. *See* Fla. R. Civ. P. 1.070(i). Florida courts have held that service by certified mail, without an accompanying waiver, is not sufficient under Rule 1.070. *See* Transport & General Ins. Co. v. Receiverships of Ins. Exch. Of the Americas, Inc., 576 So. 2d 1351, 1352 (Fla. 1st DCA 1991).

In the instant case, Plaintiff Timothy Crenshaw's "Affidavit of Service" states he personally sent a copy of the summons and complaint to Sheriff Adkinson by certified/registered mail. Plaintiff's personally attempting to serve Defendant Adkinson violates Rule 4. *See* Cruz-Packer v. Dist. of Columbia, 539 F. Supp. 2d 181 (D.D.C. 2007) (by effectuating service on defendant personally via certified mail, pro se plaintiff violated rule requiring that service be made by any person who was not a party); *see also* Olson v. Fed. Election Comm'n, 256 F.R.D. 8, 10, 2009 WL 637297 (D.D.C. 2009) (Rule 4, governing service of process and providing that service may be effected by any person who is not a party, is violated when plaintiff personally attempts to serve defendant by mail). Further, Plaintiffs did not file a waiver of service executed by Sheriff Adkinson, nor is there any other indication Sheriff Adkinson accepted service by mail pursuant to the Florida Rules of Civil Procedure. Therefore, Plaintiffs failed to show they satisfied the requirements of Rule 4 for service upon Sheriff Adkinson. Absent a showing of proper service upon Defendant Adkinson, Plaintiffs failed to demonstrate they are entitled to a default judgment against Defendant Sheriff Michael Adkinson.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiffs' "Motion for Default Judgement [sic]" (doc. 61) be **DENIED**.

At Pensacola, Florida, this 8th day of July 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** ***See*** **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**